UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                          Criminal No. 09-364 (JNE/JJK) (1)
                                                          ORDER

Zack Zafer Dyab,

        Defendant.

This matter is before the Court on Defendant Zack Zafer Dyab's motions to amend his motion attacking his sentencing judgment pursuant to 28 U.S.C. § 2255. For the reasons provided below, Dyab's motions are denied.

In September 2011, this Court sentenced Dyab to 10 years' imprisonment and ordered him to pay $6,374,950 in restitution to certain enumerated victims. Nearly one year later, Dyab moved to vacate the sentence under § 2255. The Court denied the motion. In August 2014, Dyab filed a motion seeking relief under Rule 60(b). The Court denied this motion as an improper attempt to bring a second motion under § 2255. On October 31, 2014, the Government moved to amend the judgment to update payee addresses as well as to clarify that Barbara Puro is jointly and severally liable for some of the restitution owed. On November 4, 2014, the Court amended the restitution portion of the judgment accordingly. Dyab now seeks to amend his § 2255 motion to attack the amended judgment.

Dyab attacks the amended judgment on two grounds. First, Dyab asserts that he was denied his Fifth Amendment due process rights because he did not receive notice of the Government's motion to amend and did not receive notice of the amended judgment itself.

Because "due process is flexible and calls for such procedural protections as the particular situation demands," not all amendments to sentencing judgments trigger due process rights. *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972). Here, the amendment changed the restitution portion of the order, updating the addresses of the payees and recognizing that Puro is jointly and severally liable for some of the losses. The amount to be paid is exactly the same in the original and amended orders. All aspects of the terms of imprisonment and supervised release are also the same. The Court finds that the ministerial and minor corrections made in the amended judgment did not trigger Dyab's constitutional due process rights.

Second, Dyab asserts that his sentence is invalid because it was predicated upon a money laundering conviction for which he is actually innocent. This assertion challenges the underlying conviction; it does not challenge any of the changes that were made in the amended judgment. The Court finds that this claim is outside the statute of limitations to challenge the underlying conviction. *See* 28 U.S.C. § 2255(f). "[B]ecause § 2255 motions cannot challenge the entry of restitution, it would make little sense for an amendment to a judgment that addresses only restitution to restart the statute of limitations for filing a habeas petition." *United States v. Bourgeois*, No. 10-cr-25, 2013 WL 1953312, at *3 (D. Minn. May 10, 2013).

Dyab's challenge to his underlying conviction is also barred as a successive habeas petition. Dyab's reliance on *Magwood v. Patterson*, 561 U.S. 320 (2010), is unpersuasive. The *Magwood* Court held that a petitioner's second challenge to his sentence under 28 U.S.C. § 2254 was not barred as "second or successive" when it came after the petitioner had been resentenced and asserted a claim based on the resentencing. *Id.* at 331–40. The *Magwood* Court expressly declined to address a situation where, as here, the petitioner challenges the underlying conviction and not a new sentence. *Id.* at 342.

While the Court denies Dyab's motions, it will in its discretion issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's § 2255 motions [Docket Nos. 236 and 237] are DENIED.

2. A certificate of appealability is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 23, 2015

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
