# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                Case No. 09-CR-0364 (1) (JNE)

            Plaintiff,

v.                                                        **ORDER**

ZACK ZAFER DYAB,

            Defendant.

---

Defendant Zack Zafer Dyab pleaded guilty in 2010 to conspiracy to commit wire fraud and money laundering in connection with a mortgage-fraud scheme. The amount of restitution owed by Dyab was left open in the plea agreement. Prior to sentencing, the Court concluded, after full consideration of arguments presented by both Dyab and the government, that Dyab owed about $6.4 million in connection with 26 properties. Judgment was entered accordingly. *See* ECF No. 166.

In 2014, the government requested two changes to the restitution portion of the criminal judgment. *See* ECF No. 222. First, the government asked that certain of the payees be changed to reflect sales on the secondary market of the mortgages at issue. Second, the government asked that approximately $1.37 million of Dyab's restitution obligation be made joint and several with Barbara Puro, a defendant from a related criminal matter. The Court granted the request without conducting a hearing or otherwise seeking input from Dyab. *See* ECF No. 224. Neither the total amount of restitution owed by Dyab nor his payment schedule was altered in the amended judgment.

1

About a year later, Dyab filed a motion pursuant to 28 U.S.C. § 2255 contending, among other things, that his due process rights were violated when the restitution order was amended without an opportunity to be heard. *See* ECF No. 237. The Court concluded that the restitution challenges were not cognizable under § 2255. *See* ECF No. 242. The Eighth Circuit agreed. "Because a dispute about restitution does not involve a claim of a right to be released from custody, a prisoner cannot challenge the restitution portion of his sentence under § 2255." *Dyab v. United States*, 855 F.3d 919, 922 (8th Cir. 2017).

The Eighth Circuit did, however, leave the door open for challenging the amendment of the restitution portion of the criminal judgment through the All Writs Act, 28 U.S.C. § 1651. *Id.* Dyab now returns requesting that the Court "re-open the restitution portion of my judgment" and correct allegedly incorrect information in that amended judgment. *See* ECF No. 274 at 7. Dyab also requests that counsel be appointed to represent him in the prosecution of his motion. *See* ECF No. 275.

Both requests are denied. As an initial matter, the Court stresses the minuteness of the changes affected by the amended judgment. Not one penny was added to Dyab's restitution obligations. No new factual findings were incorporated. And the Court had already clarified at sentencing that any restitution amounts owed by Dyab would be "due joint and severally with your co-defendant or, if there's another one, co-defendants." ECF No. 174 at 11.

This is important for three reasons. First, in order to establish (as he alleges) that his due process rights were violated, Dyab "must show that he has been deprived of a

2

constitutionally protected life, liberty or property interest." *Mulvenon v. Greenwood*, 643

F.3d 653, 657 (8th Cir. 2011) (quotation omitted). It is difficult to see how any protected

interest of Dyab's could have been affected through the amendment of the judgment.

Dyab remains responsible for the exact same amount that he did at the time the original

sentencing judgment was entered, and he must meet those obligations under the exact

same conditions as previously imposed.

Second, and relatedly, "most due process claims require [a] specific showing of

prejudice." *Ford v. Fortenberry*, 39 F.3d 1184, at *1 (8th Cir. 1994) (unpublished table

disposition) (citing *Estes v. Texas*, 381 U.S. 532, 542-43 (1965)). Dyab cannot possibly

have been prejudiced by the amendments made to the sentencing judgment; indeed, he

may benefit, insofar as a portion of his restitution obligations are now shared jointly and

severally with Puro. The remaining changes to the sentencing judgment affect only

where the money owed by Dyab must go after it is first paid to the Court, a matter of no

legitimate concern to Dyab. *See Fuchs v. United States*, No. 13C50099, 2014

WL 1652151, at *8 (N.D. Ill. Apr. 24, 2014); *cf. United States v. Grimes*, 173 F.3d 634,

639 (7th Cir. 1999).

Third, Dyab's motion is as much a cat's paw intended to challenge the *original*

restitution judgment as it is an attempt to challenge the *amended* restitution judgment.

For example, Dyab contends in his reply brief that his motion "is based, at least in part,

on the incoreect [sic] formula that was used to determine actual loss." ECF No. 284 at 2.

But Dyab had an opportunity to contest the overall loss calculations on direct appeal. He

declined. "By failing to file a direct appeal, [Dyab] waived his opportunity to challenge

the restitution component of his sentence, as imposed." *United States v. Williams*,

No. 04-CR-0254 (ADM/AJB), 2007 WL 1424663, at *1 (D. Minn. May 10, 2007)

(collecting cases).  Insofar as the All Writs Act avails Dyab of an exception to that rule, it

can only apply, if at all, with respect to the portions of the judgment that were amended,

as any arguments relating to other aspects of the judgment could have been raised on

direct appeal at the time the original judgment was entered.  And as explained above, the

amended portions of the sentencing judgment did not prejudice Dyab in any respect.

Dyab has not and cannot establish a violation of his due process rights through the

amendment of the sentencing judgment in this matter.  His motion for relief is therefore

denied.  Because further prosecution of Dyab's motion would be futile, Dyab's motion

for appointment of counsel is likewise denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT

IS HEREBY ORDERED THAT:

1.    Defendant Zack Zafer Dyab's motion to amend judgment [ECF No. 274] is

DENIED.

2.    Dyab's motion for appointment of counsel [ECF No. 275] is DENIED.

Dated: June 19, 2018                              s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge